DEMPSEY v. GUILES et al.

(Supreme Court, Appellate Division, Third Department. September 28, 1911.)

Appeal from Trial Term, St. Lawrence County.

Action by Michael J. Dempsey, administrator of Bridget M. Dempsey, deceased, against John L. Guiles, impleaded with others. From a judgment authorizing plaintiff to redeem realty pledged upon making certain payments, he appeals. Reversed, and new trial granted.

See, also, 142 App. Div. 226, 126 N. Y. Supp. 944; 143 App. Div. 973, 128 N. Y. Supp. 1120.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

Risley & Love, for appellant.
Charles S. Mereness, for respondents.

PER CURIAM. Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event.

BETTS, J. (dissenting). This case comes before the court now upon a reargument ordered by this court upon application of the defendant respondent, John L. Guiles. The case was originally argued in this court November, 1910, and decided January, 1911, by a divided court, reported in 142 App. Div. 226, 126 N. Y. Supp. 944. The case was tried before Justice Rogers at the Lewis County Special Term in April and May, 1908. That learned justice wrote a long opinion, which recites the facts very fully and which is reported in the record herein, although I have not found it reported in the Miscellaneous Reports.

Michael J. Dempsey prior to June 17, 1890, was the owner of two certain pieces of real estate subject to the payment of two certain mortgages. On that day he executed a mortgage for $2,500 covering said two pieces of real estate to his wife, Bridget M. Dempsey. One of the said pieces of real estate covered by that mortgage was later sold under foreclosure by the mortgagee of the first mortgage, and in the opinion of Justice Rogers, with which I concur, the $2,500 mortgage in question was not at the time of the commencement of this action a lien upon that piece of property thus foreclosed. July 15, 1890, Michael J. Dempsey, the mortgagor, made a general assignment to one Owen. Owen September 15, 1890, sold the real estate in question, which is the land in Pitcairn, St. Lawrence county, at an assignee's sale to the defendants Johnson & Murray. Johnson & Murray March 3, 1891, gave a quitclaim deed of the Pitcairn land to the defendant Frank M. Guiles as trustee for his brother, John L. Guiles. May 5, 1891, John L. Guiles took possession of this real estate as owner, and held the same until the commencement of this action, and both Michael and Bridget Dempsey surrendered the possession to said John L. Guiles. September 16, 1890, Bridget M. Dempsey assigned this $2,500 mortgage hereinbefore referred to to the defendants Johnson & Murray as collateral security for the payment of a note given by her to Johnson & Murray. March 3, 1891, Johnson & Murray assigned the

said mortgage to F. M. Guiles in the interest of John L. Guiles, and later on John L. Guiles became the assignee of said $2,500 mortgage. Neither Michael Dempsey nor Bridget M. Dempsey were in possession of any part of said premises after May 5, 1891, nor was Michael J. Dempsey at any time the owner of the equity of redemption therein after that date. Bridget M. Dempsey died March 4, 1902, intestate, and Michael was subsequently appointed the administrator of her estate. As such he brings this action seeking to recover the possession of the $2,500 mortgage as owner thereof, to foreclose the same, and to compel an accounting by John L. Guiles as a mortgagee in possession. He attempts to occupy the different positions of mortgagor in his own right, as mortgagee, and as the owner of the equity of redemption in the right of his wife, and at the same time to hold John L. Guiles as mortgagee in possession of these premises. Naturally he finds difficulty in maintaining these positions.

The court below has decreed him the right to the possession of this mortgage as administrator of Bridget M. Dempsey; thus holding that he is and was the mortgagee, requiring him only to pay the amount for which this mortgage was originally pledged to Johnson & Murray, and unpaid by Bridget and Michael to either Johnson & Murray or either of the Guiles, including the said John L. Guiles, the appealing defendant, and also to make John L. Guiles whole as to payments on the first mortgage on the premises. I think the judgment as originally rendered was correct.

Let us assume that Bridget had assigned this mortgage as collateral to some other person than Johnson & Murray or the defendant John L. Guiles. Then in order to redeem this mortgage, she or her representative would have had to pay the full amount due for which it was assigned as collateral security. In so far as this is an action to redeem this mortgage and get possession of it, she must now do the same thing. Both Bridget and John L. Guiles as to each other could not be the mortgagee. Bridget was. It was her mortgage when she or her representative chose to redeem it from Johnson & Murray or Guiles. She or her representative now chooses to do so, and manifestly to redeem he must do as any other pledgor, pay the debt for which it was held as collateral. The administrator loses nothing when he pays the debt. He gets the mortgage against the real estate with right to foreclose, and to recover all of the principal and interest due on it. It is not John L. Guile's fault that Bridget or her representative did not sooner redeem. The title did not merge, as there was another mortgage title between the fee and the mortgage of Bridget which neither Johnson & Murray nor either of the Guiles ever acquired or paid off. Neither of them being the sole owner of the first mortgage, the $2,500 mortgage and the equity of redemption the title could not merge in any event. If Bridget or her representative wished to realize earlier on this $2,500 mortgage, they should have redeemed earlier.

Guiles could not be owner of the fee, the equity of redemption, and mortgagee in possession under the conditions shown here. The term "mortgagee in possession," as I understand it, means that a party is such as to a party plaintiff or otherwise who is the owner of the eq-

uity of redemption. Clearly since September 16, 1890, neither Bridget nor Michael nor any representative of either has been the owner of the equity of redemption. If Guiles is mortgagee, then plaintiff has no right to foreclose. Michael J. Dempsey as administrator cannot as to Guiles be mortgagee so as to foreclose as plaintiff and also mortgagor, as defendant, and yet hold John L. Guiles as mortgagee in possession. Dempsey as an individual has no claim whatever to the property, and as administrator he has been properly held to be mortgagee as against Guiles upon paying the amount for which the mortgage was pledged, and the amount that Guiles had paid upon a prior mortgage with interest thereon. The only party in my opinion who can assert as against or in foreclosure that owner of mortgage is mortgagee in possession is the owner of the equity of redemption.

I think that Dempsey as administrator has been given as favorable a judgment as he was entitled to, and therefore it follows that the judgment appealed from should be affirmed, with costs to the defendant John L. Guiles.

HOUGHTON, J., concurs.